## Barbara Borkowsky, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 22,935.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JOHN A. MAHONEY, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded. Opinion filed May 28, 1917.

### Statement of the Case.

Action by Barbara Borkowsky, plaintiff, against the Chicago City Railway Company, defendant, to recover for a breach of contract to transport her property. From a verdict and judgment of $3,500 for plaintiff, defendant appeals.

WARREN D. BARTHOLOMEW and CHARLES LE ROY BROWN, for appellant; JOHN R. GUILLIAMS, of counsel.

JOHN W. LEEDLE, for appellee; KOCH, LEEDLE & RAPP, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. DAMAGES, § 110*—*when verdict for personal injuries is excessive.* In an action by a passenger for injuries alleged to have been received by the starting of the car, evidence *held* insufficient to sustain a verdict for $3,500 for bruises on the head and impairment of vision, alleged to be due to the accident.

2. APPEAL AND ERROR, § 1401*—*when verdict intended to compensate for injuries not causally related to accident will not be sustained.* In an action for personal injuries, the court will not, on appeal, permit a verdict to stand which was manifestly intended to compensate for injuries, the causal relation of which to the accident is not sufficiently shown.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3. DAMAGES, § 188*—*when evidence insufficient to show that impairment of vision was due to accident.* In an action for personal injuries alleged to have been received through the starting of defendant's car as plaintiff was alighting, evidence *held* insufficient to show that the impairment of vision complained of was due to the accident.

4. APPEAL AND ERROR, § 1474*—*when admission of conjecture and speculation of expert witness is reversible error.* In an action for personal injuries, the admission of conjecture and speculation of a medical witness as to what might produce or cause the condition found by him in plaintiff, is reversible error.

5. EVIDENCE, § 410*—*what opinion of medical witness may not be given.* In an action for personal injuries, it is error to permit a medical witness to testify that plaintiff would eventually become blind, though how long thereafter he could not state, as such an opinion is merely speculative.

6. EVIDENCE, § 368*—*when witness may not testify as to subjective conditions.* In an action for personal injuries it is error to permit a witness to testify as to subjective conditions of plaintiff.